UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
SPECTORGROUP II, LLP                              :
                  Plaintiff,      :   CV 12-3081 (LDW) (WDW)
                                                        :
- and -                                                     :
                                                        :
SG DESIGN BUILD LLC,                          :   ANSWER TO INTERVENOR PLAINTIFF
                                                        :   SG DESIGN BUILD LLC'S COMPLAINT
                Intervenor Plaintiff, :
                - against -            :
                                        :
TRANSPORTATION INSURANCE          :
COMPANY,                                                  :
                                          :
                     Defendant.        :
                                          :
- and -                                                     :
                                          :
CONTINENTAL CASUALTY COMPANY,:
                                          :
              Intervenor Defendant. :
------------------------------------------------------- x

      Intervenor Defendant, Continental Casualty Company ("CCC"), by its attorneys, Colliau Carluccio Keener Morrow Peterson & Parsons, for its Answer to Intervenor Plaintiff SG Design Build, LLC's Complaint (the "Complaint") herein alleges:

## ANSWER TO NATURE OF ACTION

      1.    CCC admits that SG Design Build LLC ("SGDB") was involved with the construction of an underground sports court at the home of Scott and Amy Jaffee (collectively, the "Jaffees"), located in Brookville, New York. CCC denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 1, and refers all questions of law to the Court and all questions of fact to the trier of fact.

2. CCC admits to issuing certain liability policies to SGDB and denies that said liability policies provide insurance coverage to SGDB with respect to SGDB's services in connection with the Jaffees' underground sports court.

3. CCC denies that the collapse of the underground sports court resulted from an occurrence and admits the remainder of the allegations in paragraph 3 of the Complaint.

4. Deny.

5. Admit.

6. CCC denies that it has "failed" to defend and/or indemnify SGDB in the actions by the Jaffees and the Jaffees' insurance carrier and admits the remainder of the allegations in paragraph 6 of the Complaint.

7. CCC states that the terms and conditions of the stipulation speak for themselves, as do the causes of action in the Complaint, and refers all questions of law to the Court and questions of fact to the trier of fact.

## THE PARTIES

8. Based on information and belief, CCC admits the allegation in paragraph 8 of the Complaint.

9. Based on information and belief, CCC admits the allegation in paragraph 9 of the Complaint.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

## JURISDICTION AND VENUE

14. Admit.

15. Admit.

16. Admit.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Deny.

22. Admit.

23. CCC admits that Galasso initially handled the claim against SGDB and denies the remaining allegations in paragraph 23 of the Complaint.

24. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and refers all questions of law to the Court and questions of fact to the trier of fact.

25. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 and refers all questions of law to the Court and questions of fact to the trier of fact.

26. Admit.

27. CCC states that the claims asserted in the complaint of the Aranda Action speak for themselves and refers all questions of law to the Court and questions of fact the trier of fact.

28. CCC states that the claims asserted in the complaint of the Aranda Action speak for themselves and refers all questions of law to the Court and questions of fact the trier of fact.

29. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 and refers all questions of law to the Court and questions of fact to the trier of fact.

30. Admit.

31. CCC states that the claims asserted in the complaint of the Guerrero Action speak for themselves and refers all questions of law to the Court and questions of fact the trier of fact.

32. CCC states that the claims asserted in the complaint of the Guerrero Action speak for themselves and refers all questions of law to the Court and questions of fact the trier of fact.

33. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 and refers all questions of law to the Court and questions of fact to the trier of fact.

34. Deny.

35. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 and refers all questions of law to the Court and questions of fact to the trier of fact.

36. Deny.

37. Deny.

38. Deny.

39. Admit.

40. Admit.

41. Admit.

42. Admit.

43. CCC admits that CCC issued commercial general liability policy number B 4017607295 to SGDB for the policy period of July 16, 2011 to July 16, 2012 and denies that the '295 Policy insures SGDB against claims related to its Services for the Policy Period.

44. CCC admits that it issued commercial general liability policy number B 4017607474 to SGDB for the policy period of July 16, 2011 to July 16, 2012 and denies that the '474 Umbrella Policy insures SGDB against claims related to its Services for the Policy Period.

45. CCC admits that it issued commercial general liability policy number B 4017607295 to SGDB for the policy period of July 16, 2011 to July 16, 2012 and states that said policy speaks for itself and further refers all questions of law to the Court and questions of fact to the trier of fact.

46. CCC admits that it issued commercial general liability policy number B 4017607195 to SGDB for the policy period of July 16, 2011 to July 16, 2012 and states that said policy speaks for itself and further refers all questions of law to the Court and questions of fact to the trier of fact.

47. CCC admits that it issued commercial general liability policy number B 4017607295 to SGDB for the policy period of July 16, 2011 to July 16, 2012 and states that said policy speaks for itself, as do the allegations in the Aranda Action, and further refers all questions of fact to the trier of fact and questions of law to the Court.

48. CCC admits that it issued commercial general liability policy number B 4017607295 to SGDB for the policy period of July 16, 2011 to July 16, 2012 and states that said policy speaks for itself, as to the allegations in the Aranda Action, and further refers all questions of fact to the trier of fact and questions of law to the Court.

49. CCC admits that it issued commercial general liability policy number B 4017607295 to SGDB for the policy period of July 16, 2011 to July 16, 2012 and states that said policy speaks for itself, as do the facts alleged in the Jaffees' Action, and further refers all questions of fact to the trier of fact and questions of law to the Court.

50. CCC states that the facts asserted in the Subrogation Action speak for themselves, as to the terms and conditions of the "295 Policy" and further refers all questions of fact to the trier of fact and questions of law to the Court.

51. Deny.

52. CCC states that the facts alleged in the Aranda Action speak for themselves and refers all questions of fact to the trier of fact and questions of law to the Court.

53. CCC states that the facts alleged in the Guerrero Action speak for themselves and refers all questions of fact to the trier of fact and questions of law to the Court.

54. CCC states that the facts alleged in the Jaffees' Action speak for themselves and refers all questions of fact to the trier of fact and questions of law to the Court.

55. CCC states that the facts alleged in the Subrogation Action speak for themselves and refers all questions of fact to the trier of fact and questions of law to the Court.

56. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 and refers all questions of law to the Court and questions of fact to the trier of fact.

57. Deny.

58. Deny.

59. CCC admits that it denies having a duty to defend SGDB against the Jaffees' Action and the Subrogation Action. CCC denies all other averments included in paragraph 59.

60. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 and also denies "failing" to provided a defense or indemnity and refers all questions of law to the Court and questions of fact to the trier of fact.

## ANSER TO FIRST CLAIM FOR RELIEF

### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201)

61. Admits or denies, as set forth above, with respect to the allegations included by reference in paragraph 61 of the Complaint.

62. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 and refers all questions of law to the Court and questions of fact to the trier of fact.

63. CCC admits that it issued commercial general liability policy number B 4017607295 to SGDB for the policy period of July 16, 2011 to July 16, 2012 and states that the terms and conditions of the '295 Policy, and the facts alleged in the Jaffee Action speak for themselves; and CCC refers all questions of law to the Court and questions of fact to the trier of fact.

64. CCC states that the facts alleged in the Jaffees' Action and the Subrogation Action speak for themselves and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint and refers all questions of law to the Court and questions of fact to the trier of fact.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Admit.

70. Deny.

71 Admit.

72. CCC states that the facts alleged in the Aranda Action speak for themselves, as do the terms and conditions of the '295 Policy, and refers any questions of fact to the trier of fact and any question of law to the Court.

73. CCC states that the facts alleged in the Aranda Action and the terms and conditions of the '295 Policy speak for themselves, and refers any questions of fact to the trier of fact and any question of law to the Court.

74. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 and refers all questions of law to the Court and questions of fact to the trier of fact.

75. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 and refers all questions of law to the Court and questions of fact to the trier of fact.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. CCC denies that CCC has "failed to provide appropriate coverage to SGDB in the Aranda Action" and admits that there is a real case and controversy between SGDB and CCC.

82. CCC states that the facts alleged in the Guerrero Action speak for themselves and refers any questions of fact to the trier of fact and any question of law to the Court.

83. CCC states that the facts alleged in the Guerrero Action and the terms and conditions of the '295 Policy speak for themselves and refers any questions of fact to the trier of fact and any question of law to the Court.

84. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 and refers all questions of law to the Court and questions of fact to the trier of fact.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. CCC denies that CCC has "failed to provide appropriate coverage to SGDB in the Guerrero Action" and admits that there is a real case and controversy between SGDB and CCC.

91. Deny.

### ANSWER SECOND CLAIM FOR RELIEF

**(Breach of Contract)**

92. Admits or denies, as set forth above, with respect to the allegations included by reference in paragraph 92 of the Complaint.

93. CCC states that the terms and conditions of the '295 Policy and the '474 Umbrella Policy speak for themselves and further refers any questions of law to the Court and question of fact to the trier of fact.

94. CCC states that the terms and conditions of the '295 Policy speak for themselves and refers all questions of law to the Court and questions of fact to the trier of fact.

95. CCC state that the terms and conditions of the '295 Policy speak for themselves refers all questions of law to the Court and questions of fact to the trier of fact.

96. CCC states that the allegations in the Aranda Action and the terms and conditions of the '295 Policy speak for themselves and further refers any questions of law to the Court and questions of fact to the trier of fact.

97. CCC states that the allegations in the Guerrero Action and the terms and conditions of the '295 Policy speak for themselves and further refers any questions of law to the Court and questions of fact to the trier of fact.

98. CCC states that the allegations in the Jaffees' Action and the terms and conditions of the '295 Policy speak for themselves and further refers any questions of law to the Court and questions of fact to the trier of fact.

99. CCC states that the allegations in the Aranda Action speak for themselves and referS any question of law to the Court and any question of fact to the trier of fact.

100. CCC states that the allegations in the Guerrero Action speak for themselves and referS any question of law to the Court and any question of fact to the trier of fact.

101. CCC states that the allegations in the Jaffees' Action speak for themselves and referS any question of law to the Court and any question of fact to the trier of fact.

102. CCC states that the facts alleged in the Jaffees' Action and the Subrogation Action speak for themselves and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 102 of the Complaint and refers questions of law to the Court and questions of fact to the trier of fact.

103. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 103 and refers all questions of law to the Court and questions of fact to the trier of fact.

104. CCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 104 and refers all questions of law to the Court and questions of fact to the trier of fact.

105. Deny.

106. Deny.

107. Deny.

108. Deny.

109. Deny.

110. Deny.

111. Deny.

## GENERAL DENIAL

112. Except where specifically admitted, the defendant, TIC denies all other allegations contained in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. This action may not proceed to the extent that plaintiff failed to join an indispensible party.

## SECOND AFFIRMATIVE DEFENSE

2. This action may be barred in whole or in part, or applicable damages or policy limits limited, to the extent that other insurance is available to SGDB for the loss[es] which are the subject matter of this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

3. There is no coverage under any policy of insurance issued by CCC to the extent that the exclusions, terms or conditions of such policy apply to bar coverage.

### FOURTH AFFIRMATIVE DEFENSE

4. There is no coverage under the policies at issue to the extent that there has been no "occurrence," "incident" or "accident" as those terms are defined in the CCC policies that are at issue.

### FIFTH AFFIRMATIVE DEFENSE

5. No coverage is available under any alleged policy issued by CCC for SGDB's liability pursuant to the faulty workmanship exclusion. No coverage is available for faulty, inadequate or defective: design, specifications, workmanship, processing, manufacture, testing, repair, installation, construction, renovation, remodeling, grading, compaction; or materials used in processing, manufacture, testing, repair, construction, renovation or remodeling.

### SIXTH AFFIRMATIVE DEFENSE

6. There is no coverage under any policy of insurance issued by CCC to the extent that any alleged underlying matter does not involve "bodily injury" or "Property damage," as those terms are defined by the CCC policies at issue.

### SEVENTH AFFIRMATIVE DEFENSE

7. There is no coverage under any policy of insurance issued by CCC to the extent that there was a failure to take reasonable measures to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

8. Any policy of insurance which has been issued by CCC contains various limits of liability, including but not limited to per occurrence, in the aggregate and/or in the event of other insurance. In the event CCC is liable to Underlying Plaintiff or the Insured (which liability is expressly denied), its liability is restricted to said policy limits.

## NINTH AFFIRMATIVE DEFENSE

9. There is no coverage under any policy of insurance issued by CCC to the extent that the facts or other information relative to the issuance and/or cancellation of such policy were misrepresented and/or concealed from CCC.

## TENTH AFFIRMATIVE DEFENSE

10. To the extent CCC has any obligation to pay defense costs for any underlying action or claim, relating to the Collapse, CCC has no obligation to pay for defense costs incurred by or on behalf of SGDB prior to the first notice to CCC or to pay for defense costs that are not reasonable.

## ELEVENTH AFFIRMATVIE DEFENSE

11. There is no coverage under any policy of insurance issued by CCC to the extent that any claim for which coverage is sought arises out of an architect's, engineer's or surveyor's rendering or failure to render any professional services.

## TWELTH AFFIRMATIVE DEFENSE

12. CCC is not liable to the extent exclusions in the CCC policies bar coverage, including but not limited to the construction management exclusion.

WHEREFORE, CCC respectfully requests this Court to enter an Order:

1) Dismissing SGDB'S Complaint in its entirety;

2) Declaring that CCC has no duty to defend SGDB or to reimburse SGDB for any defense costs incurred;

3) Declaring that CCC has no duty to indemnify SGDB or to reimburse SGDB for any indemnity costs incurred;

4) Such other and further relief as this Court may deem just and proper.

WHEREFORE, CCC demands judgment dismissing the Complaint herein and for such other and further relief as this Court may deem appropriate, together with the costs and disbursements of this action and the attorney's fees and expenses incurred herein.

Dated: July 15, 2013

        COLLIAU CARLUCCIO KEENER MORROW
         PETERSON & PARSONS
        /s/ Greta A. Matzen
        Greta A. Matzen
        Colliau Carluccio Keener Morrow
         Peterson & Parsons
        333 S. Wabash Avenue, 25th Floor
        Chicago, Illinois 60606
        greta.matzen@cna.com
        312-822-4963

        *Attorneys for Transporation Insurance Company and Continental Casualty Company*

TO:
L. Donald Prutzman
Matthew R. Maron
Tannenbaum Helpern Syracuse & Hirschtritt, LLP
900 Third Avenue
New York, New York 10022
*Attorneys for Plaintiff SG Design Build LLC*

Todd J. DeSimone, Esq.
QUINN McCABE LLP
274 Madison Avenue, Penthouse
New York, NY 10016
(212) 447-5500
*Attorneys for Plaintiff*

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
SPECTORGROUP II, LLP            :
                  Plaintiff,    :   CV 12-3081 (LDW) (WDW)
                                :
- and -                          :
                                 :
SG DESIGN BUILD LLC,             :
                                 :
            Intervenor Plaintiff, :
        - against -          :
                                 :
TRANSPORTATION INSURANCE         :
COMPANY,                         :
                                 :
              Defendant.      :
                                 :
- and -                          :
                                 :
CONTINENTAL CASUALTY COMPANY, :
                                 :
           Intervenor Defendant. :
--------------------------------------------------------x

                                                :

      I hereby certify that on July 15, 2013, I served a copy of Defendant filed Answer and

Affirmative Defenses on counsel listed below via CM/ECF electronic filing system.

      Todd J. DeSimone, Esq.
      Quinn McCabe, LLP
      274 Madison Avenue, Penthouse
      New York, NY  10016
      *Attorney for Plaintiff Spectorgroup II, LLP*

      L. Donald Prutzman
      Matthew R. Maron
      Tannenbaum Helpern Syracuse & Hirschtritt, LLP
      900 Third Avenue
      New York, New York 10022
      *Attorneys for Plaintiff SG Design Build LLC*

Dated: July 15, 2013                COLLIAU CARLUCCIO KEENER MORROW
  PETERSON & PARSONS
/s/ Greta A. Matzen
Greta A. Matzen
Colliau Carluccio Keener Morrow
  Peterson & Parsons
333 S. Wabash Avenue, 25th Floor
Chicago, Illinois 60606
greta.matzen@cna.com
312-822-4963

*Attorneys for Transporation Insurance Company and Continental Casualty Company*