IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x
SPECTORGROUP II, LLP              :
               Plaintiff,   :    CV 12-3081 (LDW) (WDW)
                                  :
- and -                           :
                                  :
SG DESIGN BUILD LLC,              :    ANSWER TO SPECTOR GROUP II
                                  :    LLP'S AMENDED COMPLAINT
           Intervenor Plaintiff, :
       - against -          :
                                  :
TRANSPORTATION INSURANCE          :
COMPANY,                          :
                                  :
              Defendant.   :
                                  :
- and -                           :
                                  :
CONTINENTAL CASUALTY COMPANY,:
                                  :
          Intervenor Defendant. :
--------------------------------------------------------x

Defendants, TRANSPORTATION INSURANCE COPMANY ("TIC") and CONTINENTAL CASUALTY COMPANY ("CCC"), by their attorneys, Colliau Carluccio Keener Morrow Peterson & Parsons, as and for their answer to Spector Group 11, LLP's ("Spector") Amended Complaint (the "Complaint"), allege as follows:

1. Based on information and belief, TIC and CCC admit the allegation in paragraph 1 of the Complaint.

2. TIC and CCC deny having information sufficient to admit the allegations in paragraph 2 of the Complaint and refer all questions of fact to the trier of fact and questions of law to the Court.

3. TIC and CCC deny having information sufficient to admit the allegation in paragraph 3 of the Complaint and refer all questions of fact to the trier of fact and all questions of law to the Court.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. TIC and CCC state that the facts alleged in the Guerrero Action, the Aranda Action and the Jaffees Action speak for themselves and refer all questions of law to the Court and questions of fact to the trier of fact.

12. TIC and CCC admit that they received correspondence from Spector on or about July 28, 2011, regarding the Collapse, and deny all other allegations in paragraph 12.

13. TIC and CCC admit that Galasso initially handled the claim against Spector and deny any remaining allegations in paragraph 13.

14. TIC and CCC deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 and refer all questions of law to the Court and questions of fact to the trier of fact.

15. TIC and CCC deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 and refer all questions of law to the Court and questions of fact to the trier of fact.

16. TIC and CCC deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 and refer all questions of law to the Court and questions of fact to the trier of fact.

17. Admit.

18. TIC and CCC state that the claims asserted against Spector in the Aranda Action speak for themselves and refer all questions of law to the Court and questions of fact to the trier of fact.

19. TIC and CCC state that the claims asserted against Spector in the Aranda Action speak for themselves and refer all questions of law to the Court and questions of fact to the trier of fact.

20. TIC and CCC deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 and refer all questions of law to the Court and questions of fact to the trier of fact.

21. Admit.

22. TIC and CCC state that the claims asserted against Spector in the Guerrero Action speak for themselves and refer all questions of law to the Court and questions of fact to the trier of fact.

23. TIC and CCC state that the claim asserted against Spector in the Guerrero Action speak for themselves and refer all questions of law to the Court and questions of fact to the trier of fact.

24. TIC and CCC deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 and refer all questions of law to the Court and questions of fact to the trier of fact.

25. TIC and CCC deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 and refer all questions of law to the Court and questions of fact to the trier of fact.

26. TIC and CCC deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 and refer all questions of law to the Court and questions of fact to the trier of fact.

27. TIC and CCC deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 and refer all questions of law to the Court and questions of fact to the trier of fact.

28. Deny.

29. Deny.

30. TIC and CCC deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 and refer all questions of law to the Court and questions of fact to the trier of fact.

31. Deny.

32. Admit.

33. Admit.

34. TIC and CCC admit that TIC issued commercial general liability policy number B 2066377788 (the "TIC Primary Policy") to Spector for the policy period of July 16, 2011 to July 16, 2012 and deny that the TIC Primary Policy insures Spector against claims related to its Services. TIC and CCC further deny sufficient knowledge or information to form a belief as to the allegations regarding Spector's proper name, and thus, refer any question of fact to the trier of fact and any question of law to the Court.

35. TIC and CCC admit that TIC issued policy number B 2066377743 the ("TIC Excess Policy") and deny that the TIC Excess Policy insures Spector against claims related to its Services for the TIC Policy Period. TIC and CCC further deny sufficient knowledge or information to form a belief as to the allegations regarding Spector's proper name, and thus, refer any question of fact to the trier of fact and any question of law to the Court.

36. TIC and CCC state that the terms and conditions of the TIC Primary Policy speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

37. TIC and CCC state that the terms and conditions of the TIC Primary Policy speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

38. TIC and CCC state that the terms and conditions of the CCC Primary Policy speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court. TIC and CCC further deny sufficient knowledge or information to form a belief as to the allegations regarding Spector's proper name and/or alleged "additional named insured" status, and thus, refer any question of fact to the trier of fact and any question of law to the Court.

39. TIC and CCC state that the terms and conditions of the CCC Excess Policy speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court. TIC and CCC further deny sufficient knowledge or information to form a belief as to the allegations regarding Spector's proper name and/or "additional named insured" status, and thus, refer any question of fact to the trier of fact and any question of law to the Court.

40. TIC and CCC state that the terms and conditions of the CCC Primary Policy speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

41. TIC and CCC state that the terms and conditions of the CCC Primary Policy speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

42. TIC and CCC state that the facts alleged in the Aranda Action speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

43. TIC and CCC state that the facts alleged in the Guerrero Action speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

44. TIC and CCC state that the facts alleged in the Jaffees Action speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

45. TIC and CCC state that the facts alleged in the Chartis Action speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

46. Deny.

47. TIC and CCC state that the facts alleged in the Aranda Action speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

48. TIC and CCC state that the facts alleged in the Guerrero Action speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

49. TIC and CCC state that the fact alleged in the Jaffees' Action speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

50. TIC and CCC state that the fact alleged in the Chartis Action speak for themselves and refer all questions of fact to the trier of fact and questions of law to the Court.

51. TIC and CCC deny sufficient knowledge or information to form a belief as to the allegations regarding the facts alleged in paragraph 51 of the Complaint, and thus, refer any question of fact to the trier of fact and any question of law to the Court.

52. Deny.

53. Deny.

54. TIC and CCC deny sufficient knowledge and information to form a belief as to the allegations regarding Spector's retention of counsel and deny that TIC "failed" to indemnify or provide a defense to Spector, and TIC and CCC refer all questions of law to the Court and questions of fact to the trier of fact.

55. Deny.

56. Deny.

57. TIC and CCC deny sufficient knowledge and information to form a belief as to the allegations regarding Spector's retention of counsel and deny that CCC "failed" to indemnify or provide a defense to Spector, and TIC and CCC refer all questions of law to the Court and questions of fact to the trier of fact.

58. TIC and CCC admit that CCC denied coverage to Spector with respect to the Jaffees Action and deny all other allegations in paragraph 58 of the Complaint.

59. Deny.

60. Deny.

**ANSWERING THE FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT**

61. Admit or deny, as set forth above, with respect to the allegations included by reference in paragraph 61 of the Complaint.

62. TIC and CCC deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 and refer all questions of fact to the trier of fact and questions of law to the Court.

63. TIC and CCC state that the facts asserted in relation to the Jaffees Claim, as well as the terms and condition of the TIC Primary Policy and the CCC Primary Policy, speak for themselves and refer all questions of law to the Court and questions of fact to the trier of fact.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. TIC and CCC state that there is a real and actual controversy between Spector, TIC and CCC and deny all other allegations in paragraph 69 of the Complaint.

70. TIC and CCC state that the facts alleged in the Aranda Action speak for themselves and refer all questions of law to the Court and all questions of fact to the fact finder.

71. TIC and CCC state that the facts alleged in the Aranda Action speak for themselves and refer all questions of law to the Court and all questions of fact to the fact finder.

72. TIC and CCC deny sufficient knowledge or information to form a belief as to the allegations in paragraph 72 of the Complaint and thus, refer any question of fact to the trier of fact and any question of law to the Court.

73. TIC and CCC deny sufficient knowledge or information to form a belief as to the allegations in paragraph 73 of the Complaint and thus, refer any question of fact to the trier of fact and any question of law to the Court.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. TIC and CCC admit that there is an actual case in controversy between Spector, TIC and CCC and deny the remainder of the allegations in paragraph 79 of the Complaint.

80. TIC and CCC state that the facts alleged in the Guerrero Action speak for themselves and refer all questions of law to the Court and all questions of fact to the fact finder.

81. TIC and CCC state that the facts alleged in the Guerrero Action, as well as the terms and conditions of the TIC Primary Policy and the CCC Primary Policy speak for themselves and refer all questions of law to the Court and all questions of fact to the fact finder.

82. TIC and CCC deny sufficient knowledge or information to form a belief as to the allegations in paragraph 82 of the Complaint and thus, refer any question of fact to the trier of fact and any question of law to the Court.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. TIC and CCC admit that there is an actual case in controversy between Spector, TIC and CCC and deny the remainder of the allegations in the Complaint.

89. Deny.

**ANSWERING THE SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

90. Admit or deny, as set forth above, with respect to the allegations included by reference in paragraph 90 of the Complaint.

91. TIC and CCC state that the terms and conditions of the TIC Primary Policy and the TIC Excess Policy speak for themselves and refer any question of law to the Court and question of fact to the trier of fact.

92. TIC and CCC state that the terms and conditions of the TIC Primary Policy speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

93. TIC and CCC state that the terms and conditions of the TIC Primary Policy speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

94. TIC and CCC state that the terms and conditions of the CCC Primary Policy and the CCC Excess Policy speak for themselves and refer any question of law to the Court and question of fact to the trier of fact.

95. TIC and CCC state that the terms and conditions of the CCC Primary Policy speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

96. TIC and CCC state that the terms and conditions of the CCC Primary Policy speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

97. TIC and CCC state that the terms and conditions of the CCC Primary Policy, the TIC Primary Policy and the facts alleged in the Aranda Action speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

98. TIC and CCC state that the terms and conditions of the CCC Primary Policy, the TIC Primary Policy and the facts alleged in the Guerero Action speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

99. TIC and CCC state that the terms and conditions of the CCC Primary Policy, the TIC Primary Policy, and the facts alleged in the Jaffees Action speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

100. TIC and CCC state that the terms and conditions of the TIC Primary Policy and CCC Primary Policy speak for themselves, and the facts alleged in the Chartis Action speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

101. TIC and CCC state that the terms and conditions of the TIC Primary Policy and CCC Primary Policy speak for themselves, and the facts alleged in the Aranda Action speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

102. TIC and CCC state that the terms and conditions of the TIC Primary Policy and CCC Primary Policy speak for themselves, and the facts alleged in the Guerrero Action speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

103. TIC and CCC state that the terms and conditions of the TIC Primary Policy and CCC Primary Policy speak for themselves, and the facts alleged in the Chartis Action speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

104. TIC and CCC state that the terms and conditions of the TIC Primary Policy and CCC Primary Policy speak for themselves, and the facts alleged in the Chartis Action speak for themselves and refer all questions of law to the Court and any question of fact to the trier of fact.

105. TIC and CCC deny sufficient knowledge or information to form a belief as to the allegations in paragraph 105 of the Complaint and thus, refer any question of fact to the trier of fact and any question of law to the Court.

106. TIC and CCC deny sufficient knowledge or information to form a belief as to the allegations in paragraph 06 of the Complaint and thus, refer any question of fact to the trier of fact and any question of law to the Court.

107 Deny.

108. Deny.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

## GENERAL DENIAL

113. Except where specifically admitted, the defendant, TIC deny all other allegations contained in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. This action may not proceed to the extent that plaintiff failed to join an indispensible party.

## SECOND AFFIRMATIVE DEFENSE

2. This action may be barred in whole or in part, or applicable damages or policy limits limited, to the extent that other insurance is available to Spector for the loss[es] which are the subject matter of this lawsuit.

## THIRD AFFIRMATIVE DEFENSE

3. There is no coverage under any policy of insurance issued by TIC or CCC to the extent that the exclusions, terms or conditions of such policy apply to bar coverage.

### FOURTH AFFIRMATIVE DEFENSE

4. There is no coverage under the policies at issue to the extent that there has been no "occurrence," "incident" or "accident" as those terms are defined in the CCC policies that are at issue.

### FIFTH AFFIRMATIVE DEFENSE

5. No coverage is available under any alleged policy issued by CCC or TIC for Spector's liability pursuant to the faulty workmanship exclusion. No coverage is available for faulty, inadequate or defective: design, specifications, workmanship, processing, manufacture, testing, repair, installation, construction, renovation, remodeling, grading, compaction; or materials used in processing, manufacture, testing, repair, construction, renovation or remodeling.

### SIXTH AFFIRMATIVE DEFENSE

6. There is no coverage under any policy of insurance issued by CCC or TIC to the extent that any alleged underlying matter does not involve "bodily injury" or "Property damage," as those terms are defined by the CCC policies at issue.

### SEVENTH AFFIRMATIVE DEFENSE

7. There is no coverage under any policy of insurance issued by CCC or TIC to the extent that there was a failure to take reasonable measures to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

8. Any policy of insurance which has been issued by CCC or TIC contains various limits of liability, including but not limited to per occurrence, in the aggregate and/or in the

event of other insurance. In the event CCC or TIC were liable to Underlying Plaintiff or the Insured (which liability is expressly denied), its liability is restricted to said policy limits.

## NINTH AFFIRMATIVE DEFENSE

9. There is no coverage under any policy of insurance issued by CCC or TIC to the extent that the facts or other information relative to the issuance and/or cancellation of such policy were misrepresented and/or concealed from CCC.

## TENTH AFFIRMATIVE DEFENSE

10. To the extent CCC or TIC has any obligation to pay defense costs for any underlying action or claim, relating to the Collapse, CCC or TIC has no obligation to pay for defense costs incurred by or on behalf of SGDB prior to the first notice to CCC or to pay for defense costs that are not reasonable.

## ELEVENTH AFFIRMATVIE DEFENSE

11. There is no coverage under any policy of insurance issued by CCC or TIC to the extent that any claim for which coverage is sought arises out of an architect's, engineer's or surveyor's rendering or failure to render any professional services.

## TWELTH AFFIRMATIVE DEFENSE

12. CCC or TIC is not liable to the extent exclusions in the CCC policies or the TIC policies bar coverage, including but not limited to the construction management exclusion.

WHEREFORE, CCC respectfully requests this Court to enter an Order:

1) Dismissing Spector's Complaint in its entirety;

2) Declaring that CCC and TIC have no duty to defend Spector or to reimburse Spector for any defense costs incurred;

3) Declaring that CCC and TIC have no duty to indemnify Spector or to reimburse Spector for any indemnity costs incurred;

4)      Such other and further relief as this Court may deem just and proper.

WHEREFORE, CCC and TIC demand judgment dismissing the Complaint herein and for such other and further relief as this Court may deem appropriate, together with the costs and disbursements of this action and the attorney's fees and expenses incurred herein.

Dated:    July 15, 2013

                                                COLLIAU CARLUCCIO KEENER MORROW
                                                  PETERSON & PARSONS
                                                  /s/  Greta A. Matzen
                                                  Greta A. Matzen
                                                  Colliau Carluccio Keener Morrow
                                                    Peterson & Parsons
                                                  333 S. Wabash Avenue, 25th Floor
                                                  Chicago, Illinois 60606
                                                  greta.matzen@cna.com
                                                  312-822-4963

                                                  *Attorneys for Transporation  Insurance*
                                                  *Company and Continental Casualty*
                                                  *Company*

TO:    L. Donald Prutzman
        Matthew R. Maron
        Tannenbaum Helpern Syracuse & Hirschtritt, LLP
        900 Third Avenue
        New York, New York 10022
        *Attorneys for Plaintiff SG Design Build LLC*

        Todd J. DeSimone, Esq.
        QUINN McCABE LLP
        274 Madison Avenue, Penthouse
        New York, NY  10016
        (212) 447-5500

        *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------ x
SPECTORGROUP II, LLP                                   :
                      Plaintiff,       :       CV 12-3081 (LDW) (WDW)
                                                       :
- and -                                                :
                                                       :
SG DESIGN BUILD LLC,                                   :       CERTFIFICATION OF SERVICE
                                                       :
               Intervenor Plaintiff, :
                  - against -                          :
                                                       :
TRANSPORTATION INSURANCE                               :
COMPANY,                                               :
                                                       :
                  Defendant.         :
                                                       :
- and -                                                :
                                                       :
CONTINENTAL CASUALTY COMPANY,                          :
                                                       :
              Intervenor Defendant. :
-------------------------------------------------------x

I hereby certify that on July 15, 2013 I served a copy of TRANSPORTATION INSURANCE COPMANY ("TIC") and CONTINENTAL CASUALTY COMPANY ("CCC"), Answer to Spector Group 11, LLP's Amended Complaint via CM/ECF electronic filing system at the address provided below.

    Todd J. DeSimone, Esq.
    Quinn McCabe, LLP
    274 Madison Avenue, Penthouse
    New York, NY  10016

    L. Donald Prutzman
    Matthew R. Maron
    Tannenbaum Helpern Syracuse & Hirschtritt, LLP
    900 Third Avenue

New York, New York 10022
*Attorneys for Plaintiff SG Design Build LLC*

Dated:  July 15, 2013

                                                COLLIAU CARLUCCIO KEENER MORROW
                                                  PETERSON & PARSONS
/s/  Greta A. Matzen
Greta A. Matzen
Colliau Carluccio Keener Morrow
  Peterson & Parsons
333 S. Wabash Avenue, 25th Floor
Chicago, Illinois 60606
greta.matzen@cna.com
312-822-4963

*Attorneys for Transporation   Insurance Company and Continental Casualty Company*

2