# COLLIAU CARLUCCIO KEENER MORROW PETERSON & PARSONS
ATTORNEYS AT LAW

---

333 SOUTH WABASH AVE.
25TH FLOOR
CHICAGO, ILLINOIS 60604

EMAIL: Greta.Matzen@cna.com
(312) 822-6603 ▪ FAX (312) 817-2486

GRETA A. MATZEN  
ATTORNEY

DIRECT DIAL  
(312) 822-4963

September 23, 2013

VIA ELECTRONIC FILING

Honorable Judge Leonard D. Wexler  
United States District Court  
Eastern District of New York  
Long Island Federal Courthouse  
944 Federal Plaza  
Central Islip, New York 11722

  Re: Spector Group II, LLP v. Transportation Insurance Company, et. al.  
     Index No.: CV 12-3081 (the "Action")

Dear Judge Wexler:

  We represent Defendant Transportation Insurance Company ("TIC") and Continental Casualty Company ("CCC") in the above referenced matter. Our firm also represents American Casualty Company of Reading, PA ("ACCO"),[1] in regard to the insurance coverage issues arising from the same incident at issue in the Underlying Lawsuits.[2] I am writing to respectfully follow-up on our prior correspondence, dated January 4, 2013 ("Original Correspondence"), in which we requested a pre-motion conference before the Court to ask Your Honor's consent for CCC and ACCO to move, in accordance with Federal Rule of Civil Procedure 24(b)(1)(B), to intervene in the current cause of action. *See* Doc. [14]. On or about January 11, 2013, Spector filed its opposition to TIC, CCC and ACCO's request for pre-motion conference. *See* Doc. [15].[3]

---

[1] For purposes of this correspondence, we have collectively referred to TIC, CCC and ACCO as the "CNA Underwriting Entities."

[2] For purposes of this correspondence and the Original Correspondence, the term Underlying Lawsuits means the Guerrero Action, the Aranda Action and the Jaffees' Action, as defined in the Plaintiff's Original Complaint.

[3] Spector maintains that ACCO's insured, Dubinsky Consulting, Engineers ("Dubinsky"), is "entirely unrelated to Spector," in spite of the fact that Dubinsky was the engineer at the project at issue in the Underlying Lawsuits and the fact that Dubinsky is also a defendant in the Underlying Lawsuits. Although Spector maintains that Spector would be prejudiced by the permissive intervention of ACCO and ACCO's joinder of Dubinsky, Spector fails to demonstrate how such intervention and joinder would unduly hinder, unnecessarily delay, or complicate the Action. Common questions of law exist regarding the application of the CNA Underwriting Entities' professional services endorsements, construction management errors and omissions endorsements, as well as the "occurrence" requirement and business risk exclusions, at least in regard to the "property damage" claim. *See* Doc. [17].

Honorable Judge Leonard D. Wexler
January 4, 2013
Page 2

      Since the issuance of the Original Correspondence, the parties to the action entered into a stipulation, agreeing to the intervention of CCC and SG Design Build, LLC ("SG Design"). Thus, CCC and CCC's insured, SG Design, intervened in the Action. SG Design filed SG Design's Original Complaint Against Intervenor Defendant CCC, on June 14, 2013, and CCC filed CCC's Original Answer to SG Design's Complaint, on July 15, 2013. *See* Doc. [23] & Doc. [25]. We have conferred with Spector and SG Design's counsel of record on a number of occassions, and both Spector and SG Design oppose ACCO's request for a pre-motion conference before the Court to ask Your Honor's consent for ACCO to move for leave, in accordance with Federal Rule of Civil Procedure 20(a), to join Dubinsky as defendant in this matter. It remains the CNA Underwriting Entities' position that permissive joinder of Dubinsky is proper, because: 1.) Plaintiff's claims and defenses against TIC and CCC; 2.) SG Design's claims and defenses against CCC; and 3.) ACCO's claims and defenses against Dubinsky, arise out of the same Underlying Lawsuits and the same or similar insurance policy provisions.

      Because the claims and defenses at issue are similar, we ask Your Honor's consent to address the aforementioned issues at one pre-motion conference. It is our opinion that a discussion regarding the parties' relationships to each other, the parties' legal representation, as well as the scope of each party's work at the project at issue in this action, would be best facilitated in one pre-motion conference.

      Sincerely,

      COLLIAUCARLUCCIO KEENER MORROW
        PETERSON & PARSONS

      s/ Greta A. Matzen
      Greta A. Matzen

cc:    Todd J. DeSimone, Esq. (via electronic filing)
       Quinn McCabe, LLP
       274 Madison Avenue, Penthouse
       New York, NY  10016

       L. Donald Prutzman (via electronic filing)
       Matthew R. Maron
       Tannenbaum Helpern Syracuse & Hirschtritt, LLP
       900 Third Avenue
       New York, New York 10022