

**QUINN McCABE** LLP

COUNSELORS AT LAW

9 EAST 40TH STREET, 14TH FLOOR, NEW YORK, NEW YORK 10016
212.447.5500 (main) · 212.889.2981 (fax)

September 25, 2013

**Via Electronic Filing**

Hon. Judge Leonard D. Wexler
United States District Court
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

   Re: Spector Group II, LLP v. Transportation Insurance Co., et al.
      – Index No.: CV 12-3081

Dear Judge Wexler:

  We serve as counsel to Plaintiff, Spector Group II, LLP ("Spector"), in the above-referenced matter. Please allow this communication to serve as opposition to counsel for Defendants Transportation Insurance Company's ("TIC"), Continental Casualty Company's ("CCC") and American Casualty Company of Reading, PA's ("ACCO") request for a pre-motion conference before Your Honor to move, in accordance with Federal Rule of Civil Procedure ("FRCP") 24(b)(1)(B), for ACCO to intervene in the current action and for ACCO to move for leave, in accordance with FRCP 20(a), to join Dubinsky Consulting Engineers, PLLC ("Dubinsky") as a defendant in this matter.

  As previously set forth in Spector's letter dated January 11, 2013, TIC's and CCC's claim that ACCO should be permitted to intervene in this action and file a complaint against Dubinsky is without any basis. The only facts relevant to this matter concern whether TIC and CCC should be required to defend and indemnify Spector in the Jaffees Action[1], the Aranda Action[2], and the Guerrero Action[3]. For purposes of this matter, there are no common questions of law or fact which would warrant the intervention by ACCO and the joinder of Dubinsky as a defendant. Indeed, Dubinsky is entirely unrelated to Spector with an entirely unrelated insurance policy issued by ACCO. Spector would be prejudiced by the intervention by ACCO because Spector

---

[1] Scott & Amy Jaffee v. Spector Group II, LLP, et al. (Supreme Court of the State of New York, County of Nassau) (Index No.: 600823/2012).

[2] Jose Antonio Aranda v. Scott Jaffee, et al. (Supreme Court of the State of New York, County of Suffolk) (Index No.: 22551/2011).

[3] Jose Guerrero v. Spector Group II, LLP, et al. (Supreme Court of the State of New York, County of Suffolk) (Index No.: 1070/2012).

would be required to participate in litigation totally unrelated to the specific issue of whether TIC and CCC are required to provide coverage to Spector in the Jaffees Action, the Aranda Action, and the Guerrero Action. If ACCO desires to commence a declaratory judgment action against Dubinsky, ACCO should commence a separate lawsuit against Dubinsky. The adjudication of Spector's claims against TIC and CCC in this action should not be hindered with unrelated discovery and/or motion practice due to the inclusion of Dubinsky, an entirely separate party from Spector who performed entirely separate services on the project at issue.

Respectfully submitted,

Todd J. DeSimone

cc:   Christopher P. McCabe, Esq.

Greta Matzen, Esq.
Colliau Carluccio Kenner Morrow Peterson & Parsons
333 S. Wabash Avenue, 25th Floor
Chicago, IL 60606

Donald L. Prutzman, Esq.
Matthew R. Maron, Esq.
Tannenbaum Helpern Syracuse & Hirschtritt LLP
900 Third Avenue
New York, NY 10022