### COLLIAU CARLUCCIO KEENER MORROW PETERSON & PARSONS
ATTORNEYS AT LAW

333 SOUTH WABASH AVE.
25TH FLOOR
CHICAGO, ILLINOIS 60604

EMAIL: GRETA.MATZEN@CNA.COM
(312) 822-6603 ▪ FAX (312) 817-2486

GRETA A. MATZEN  DIRECT DIAL
ATTORNEY  (312) 822-4963

December 24, 2013

VIA ELECTRONIC FILING

Judge Leonard D. Wexler
United States District Court
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

    Re:    Spector Group II, LLP v. Transportation Insurance Company, et. al.
            Index No.: CV 12-3081
            Letter Requesting Pre-Motion Conference

Dear Judge Wexler:

       This office represents Defendant Transportation Insurance Company ("TIC") and Intervening Defendant Continental Casualty Company ("CCC"), in the above referenced matter.

       In accordance with the local rules of procedure, I write to request on behalf of TIC and CCC, a pre-motion conference regarding two motions, as follows: 1.) TIC and CCC seek the Court's permission to file a Third-Party Complaint Against Iron Shore, as a necessary party, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure;[1] and 2.) TIC and CCC seek the

---

[1] Spector has sued TIC and CCC for coverage under TIC and CCC's general liability policies, but Spector refuses to produce any documents related to Spector's coverage under Spector's professional liability policy, issued by Iron Shore, or any other communications or documents related to Spector's defense under the Iron Shore policy. *See* TIC and CCC's Motion to Compel Against Spector [Doc. 43]. In Spector's sworn answers to interrogatories, Spector admits that Iron Shore is currently defending Spector in the underlying lawsuits; however, Spector also denies that Iron Shore is a real party in interest to the matter at hand. Based on testimony elicited during Mark Spector's deposition, on December 17, 2013 ("Mark Spector Testimony"), it has become evident that Iron Shore is a real party at interest to this matter, and is thus, a "required party," as defined by F.R.C.P. 19(a).

Honorable Judge Leonard D. Wexler
December 24, 2013
Page 2

Court's permission to file a Motion to Amend TIC's and CCC's Answers, in order to assert two additional affirmative defenses, as detailed below.[2]

TIC and CCC's counsel has attempted to confer telephonically with Spector's counsel and Intervening Plaintiff, SG Design's counsel, regarding whether Iron Shore is a necessary party and whether Spector and/or SG Design oppose a motion to join Iron Shore, pursuant to FRCP 19(a). TIC and CCC's counsel exchanged correspondence with Spector's counsel on numerous occasions, regarding whether Iron Shore is a necessary party to the present cause of action. Most recently, TIC and CCC's counsel called Spector's counsel, on December 6, 2013, December 11, 2013 and December 12, 2013, in order to discuss the necessary joinder of Iron Shore, and TIC and CCC's additional affirmative defenses. TIC and CCC left messages for Spector's counsel, and Spector's counsel has not returned the calls. TIC and CCC's counsel conferred telephonically with Intervening Plaintiff SG Design Build, LLC's ("SG Design") counsel, on December 11, 2013. During that telephonic conference, SG Design's counsel indicated that SG Design would only oppose the motions if Spector opposed the motions.

To this end, Spector and SG Design's counsel have failed to respond to TIC and CCC's counsel's emails with definitive answers as to whether Spector and/or SG Design opposes the joinder of Iron Shore and TIC and CCC's amendment of TIC and CCC's answer to include: 1.) the TIC and CCC policies' workers' compensation exclusion as an affirmative defense; and 2.) the TIC and CCC policies' employers' liability exclusion as an affirmative defense.

### Joinder

While Spector Group II, LLP ("Spector") admits that Iron Shore is currently defending Spector in all three (3) of the underlying lawsuits, Spector denies that Iron Shore is a real party at interest to this Lawsuit. *See* F.R.C.P. 17(a). It is unclear why Spector has filed the present declaratory judgment action against TIC and CCC, seeking defenses in three underlying lawsuits, when Spector is being defended by Iron Shore. New York law provides that an insurer that pays part of a loss incurred by its insured, becomes the joint owner of the insured's claim for reimbursement against another insured, and thus, the insured and the insurer are real parties in interest in any action for reimbursement of the loss. *See Northbroro Apartments, Inc. v. Wheatland Tube Company*, 198 F.Supp. 245, 247 (E.D.Pa. 1961) (New York law); *see also Prudential Lines, Inc. v. General Tire Intern, Co.*, 74 F.R.D. 474, 475 (S.D.N.Y. 1977); see also F.R.C.P. 17(a). For this reason, it is TIC and CCC's position that Iron Shore is a required party pursuant to FRCP 19(a).

FRCP 19(a) states:

---

[2] TIC and CCC recently received a copy of WCB #G0441779, dated May 15, 2013, from underlying defense counsel, which was issued by W.C. law Judge Michael Rubino (the "WC Findings"). According to the WC Findings, one of the underlying bodily injury plaintiffs, Jose Guerrero, was employed by Spector during the relevant time period. According to the Mark Spector Testimony, there was a similar workers compensation hearing for the other underlying bodily injury plaintiff, Jose Aranda; however, Jose Aranda did not appear for the hearing.

Honorable Judge Leonard D. Wexler
December 24, 2013
Page 3

>(a) Persons Required to Be Joined if Feasible.
>(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
>
>>(A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>(B) that person claims an interest relating to the subject of the action and is so situated so that disposing of the action in the person's absence may:
>>(i) as a practical matter impair or impede the person's ability to protect the interest; or
>>(ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Because Iron Shore is a real party in interest to Spector's reimbursement claim for defense costs and indemnity amount under the TIC and CCC policies, it is TIC and CCC's position that the Court cannot accord complete relief among TIC, CCC and Spector. Additionally, without the joinder of Iron Shore, TIC and CCC face the substantial risk of incurring double or multiple coverage obligations. *Id.* TIC and CCC, therefore, seek permission to move the Court to join Iron Shore. *See* F.R.C.P. 19(a)(2).

### Amended Answer

By and through the Mark Spector Testimony, on December 17, 2013, TIC and CCC were finally able to authenticate the order for the WC Findings, which TIC and CCC did not receive from Spector's underlying defense counsel, until September 2013. Because TIC and CCC were not able to verify the authentication of the WC Findings until December 17, 2013, TIC and CCC seek permission to move the Court to amend TIC and CCC's Answer to Spector's Amended Complaint, pursuant to F.R.C.P. 15(c)(1)(B), which allows for the amendment of a pleading when the "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." TIC and CCC would have originally plea the workers' compensation exclusion and the employers' liability exclusion as affirmative defenses in their original answer, if Spector had produced the WC Findings in May, when the WC Findings were issued.

Thank you in advance for your consideration.

Sincerely,

COLLIAUCARLUCCIO KEENER MORROW
  PETERSON & PARSONS

s/ Greta A. Matzen
Greta A. Matzen