

**QUINN MCCABE LLP**
COUNSELORS AT LAW

9 EAST 40TH STREET, 14TH FLOOR, NEW YORK, NEW YORK 10016
212.447.5500 (main) · 212.889.2981 (fax)

December 30, 2013

**VIA ELECTRONIC FILING**

Hon. Magistrate Judge William D. Wall
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
P.O. Box 9014
Central Islip, New York 11722

      Re:   Spector Group 11, LLP v. Transportation Insurance Co., *et al.*
            – Index No.: CV 12-3081

Dear Judge Wall:

      We serve as counsel to Plaintiff, Spector Group 11, LLP ("Spector"), in the above-referenced matter. Please allow this communication to serve as Spector's letter motion pursuant to Local Civil Rules 37.1 and 37.3 and Federal Rules of Civil Procedure Rule 45(c)(3), to quash the subpoena served by defendant Transportation Insurance Company ("TIC") and intervenor defendant, Continental Casualty Company ("CCC") (TIC and CCC are sometimes collectively referred to as the "Defendants") upon Christopher P. McCabe, counsel for Spector in this matter.

      Defendants' subpoena fails to provide reasonable notice to its recipient and must be quashed for that reason alone. The subpoena to Mr. McCabe was served on December 27, 2013 for his testimony on January 6, 2014, thereby providing Mr. McCabe with only ten days' notice of the deposition.[1] "Rule 45(c)(3)(A)(i) provides that 'the issuing court must quash' a subpoena that 'fails to allow a reasonable time to comply.'" Federal Courts have consistently held that less than fourteen days' notice of a deposition is unreasonable. See, Brown v. Hendler, 09 CIV 4486 (RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (ruling that nine days is unreasonable notice for a deposition); Mem. Hospice, Inc. v. Norris, 2-08 CIV 048-B-A, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (finding eight days unreasonable notice for a deposition). In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31, No. 08 MC 347 (ARR) (MDG), 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010), the Court quashed a subpoena that provided less than fourteen days' notice, noting in part that "[a]lthough Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45(c)(2)(B)." Here, Defendants'

---

[1] Spector produced its initial discovery documents, including the communications between Mr. Galasso and Mr. McCabe, to Defendants on November 7, 2013. It is unreasonable that Defendants' noticed Mr. McCabe for his deposition just ten days in advance even though Defendants had Spector's document production in their possession for over six weeks before they served the subpoena.

subpoena was served upon Mr. McCabe only ten days before his deposition. Such a short notice period is unreasonable and Defendants' subpoena should be quashed. In re Rule 45, 2010 WL at *5. Importantly, Mr. McCabe is out of the country on vacation from December 27, 2013, the day the subpoena was served, until late in the evening of January 2, 2014.

In addition to the subpoena being untimely, Defendants' subpoena to Mr. McCabe should be quashed pursuant to FRCP 45(c)(3)(A)(iii) and (iv), as it merely seeks to harass counsel for Plaintiff and obtain the disclosure of privileged material. Based on communications between Defendants' counsel and our office, it appears that Defendants intend to depose Mr. McCabe concerning: (1) a few telephone conversations he had with William Galasso, the adjuster assigned by Defendants relating to the collapse of the underground sports court at the premises (the "Premises") located at 19 Meadowood Lane, Brookville, New York (the "Collapse"), in which Mr. McCabe merely provided Mr. Galasso with basic factual information regarding the Collapse and potential claims arising out of the Collapse; and (2) Defendants mistaken belief that Mr. McCabe was involved in the procurement of insurance for the project relating to the Collapse. Defendants are not entitled to depose Mr. McCabe regarding the conversations with Mr. Galasso because any testimony Mr. McCabe would provide would be cumulative of the documents already produced by Spector to Defendants in this matter. Moreover, there is a high probability that Defendants' questioning of Mr. McCabe at the deposition would likely elicit the disclosure of privileged information. Moreover, Defendants' belief that Mr. McCabe was involved with the procurement of insurance for the project relating to the Collapse is based upon an inadvertently produced e-mail that has been misconstrued by Defendants' counsel. Initially, such e-mail is privileged and the inadvertent production of it does not result in a waiver of the privilege rules. Second, while part of this e-mail does appear to relate to the project that resulted in the Collapse, the inquiry to Mr. McCabe only related to a rider for a contract that Spector was working on for Metropolitan Realty Group, LLC ("Metropolitan"), an entity related to Scott Jaffee, the owner of the Premises, and had nothing to do with the project that resulted in the Collapse.

In the Second Circuit, "depositions of opposing counsel are disfavored." United States v. Yonkers Bd. Of Educ., 946 F.2d 180, 185 (2d Cir. 1991). In determining whether a deposition of opposing counsel is appropriate in a given case, district courts in New York are generally guided by the Second Circuit's opinion in In re Friedman, 350 F.3d 65 (2d Cir. 2003). In In re Friedman, the Second Circuit directed district courts to "consider[ ] all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." 350 F.3d at 72. The Courts should consider "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." Sea Tow International, Inc. v. Pontin, 246 F.R.D. 421, 424 (2d Cir. 2007). Here, Defendants' subpoena for Mr. McCabe's testimony should be quashed because any testimony obtained from Mr. McCabe will be merely cumulative of the discovery already produced by Spector to the Defendants. The Collapse occurred on July 27, 2011. In November 2011, after Mr. Galasso was assigned as the adjuster to handle matters relating to the Collapse, Mr. McCabe and Mr. Galasso engaged in a few telephone conversations concerning the Collapse and the claims, and certain potential future claims, in relation to the Collapse. On November 11, 2011, Mr. McCabe issued an initial status report (the "Report") to

Mr. Galasso regarding the Collapse and the claims relating to it based on a request for same from Mr. Galasso during one of their telephone conversations. The substance of Mr. Galasso's and Mr. McCabe's telephone conversations are included in the Report. Mr. Galasso and Mr. McCabe also exchanged a few e-mails which similarly are duplicative of their telephone discussions. The Report and the e-mails between Mr. McCabe and Mr. Galasso were included in Spector's document production to Defendants. Mr. McCabe and Mr. Galasso did not have any further telephone communications after November 2011.

Defendants' subpoena for Mr. McCabe's deposition should be quashed. First, Mr. McCabe has no personal knowledge of this matter that would necessitate his deposition. As stated above, Mr. McCabe merely had a few conversations with Mr. Galasso in November 2011, all of which were documented in the Report and the emails produced to Defendants. In addition, Mr. Galasso is an employee of Defendants and Defendants' counsel can easily obtain information from Mr. Galasso concerning his discussions with Mr. McCabe. Second, Mr. McCabe's role in connection with this matter is limited to the Collapse and the resulting claims. Mr. McCabe was retained by Spector in connection with the Collapse and the eventual claims that would result from the Collapse. Mr. McCabe is not Spector's general counsel and he does not have any knowledge of Spector's procurement of the insurance policies in issue. Third, any information that Defendants' counsel would inquire about during Mr. McCabe's deposition beyond the discussions with Mr. Galasso is likely subject to attorney-client privilege. Finally, any testimony that Defendants would seek to elicit from Mr. McCabe is cumulative of the document discovery already produced by Spector to Defendants.

The deposition of Mr. McCabe on January 6, 2014 would also be a burden to Plaintiff because five other depositions are already scheduled in this matter between January 6th and January 8th and discovery is to be closed on January 8, 2014. Marie Faulhaber, the adjuster assigned by Defendants to SG Design Build LLC ("SG Design") in relation to the Collapse, has been noticed for her deposition on January 6, 2014. Defendants also served a subpoena on Edward Licalzi, a former employee of SG Design, for his testimony on January 6, 2014. Moreover, Defendants served a subpoena on Michael H. Spector for his testimony on January 7, 2014 – which may take place in Florida. Marc Spector's deposition is also scheduled for January 7, 2014 in New York. Finally, Mr. Galasso's deposition is scheduled for January 8, 2014. Clearly, Mr. McCabe's deposition, while unnecessary and could only lead to the risk of encountering privilege issues, would be a substantial burden on Spector because it is already required to appear at five (5) depositions between January 6th and January 8th and discovery is currently scheduled to end on January 8, 2014.

For the foregoing reasons, Spector respectfully requests that the Court grant the instant letter motion, pursuant to Local Civil Rules 37.1 and 37.3 and FRCP 45(c)(3), to quash the subpoena of Mr. McCabe.

Respectfully submitted,

Todd J. DeSimone

Hon. Judge William D. Wall
Page 4 of 4

cc: Christopher P. McCabe, Esq. (via e-mail)

Greta Matzen, Esq. (via electronic filing)
Colliau Carluccio Kenner Morrow
Peterson & Parsons
333 S. Wabash Avenue, 25th Floor
Chicago, IL 60606

Matthew R. Maron, Esq. (via electronic filing)
Donald Prutzman, Esq. (via electronic filing)
Tannenbaum Helpern Syracuse
& Hirschtritt LLP
900 Third Avenue
New York, NY 10022