COLLIAU CARLUCCIO KEENER MORROW PETERSON & PARSONS
ATTORNEYS AT LAW

333 SOUTH WABASH AVE.
25TH FLOOR
CHICAGO, ILLINOIS 60604

EMAIL: GRETA.MATZEN@CNA.COM
(312) 822-6603 ▪ FAX (312) 817-2486

GRETA A. MATZEN
ATTORNEY

DIRECT DIAL
(312) 822-4963

January 9, 2014

**VIA ELECTRONIC FILING**
Hon. Magistrate Judge William D. Wall
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
P.O. Box 9014
Central Islip, New York 11722

Re: Spector Group 11, LLP v. Transportation Insurance Co., *et al.*
 - Index No.: CV 12-3081

Dear Judge Wall:

We are counsel for Transportation Insurance Company ("TIC") and Continental Insurance Company ("CCC"). Please allow this to serve as a response to the motion to quash and supporting communication (the "Motion") filed by Plaintiff Spector Group 11, LLP (Spector). *See* Doc 46.

Spector seeks to quash the subpoena served by TIC and CCC on Christopher P. McCabe. Mr. McCabe is counsel for Spector in this matter, and Spector asserts that TIC and CCC's questioning of Mr. McCabe is likely to elicit information protected by the attorney-client privilege and work-product doctrine. Spector also maintains that the deposition of Mr. McCabe should not be allowed because he is Spector's counsel, and his potential testimony is cumulative and irrelevant.[1]

---

[1] We do not address Spector's argument that the subpoena was untimely or unduly burdensome because of the number of depositions scheduled before the discovery cut-off date. Those arguments have been rendered moot as the parties asked the Court for additional time to complete discovery, and the parties are presently scheduled to appear before Judge Wexler, on January 20, 2014, in order to seek a ninety (90) day continuance of the trial date and a ninety (90) day extension of all deadlines. *See also*, Doc [42]. All

1

In fact, Spector has made the communications between Mr. Galasso and Spector's counsel the basis of its complaint against TIC and CCC. Spector alleges that, "Spector's counsel repeatedly advised Galasso, orally and in writing," of the claim against Spector. *See* Spector's Amended Complaint; Doc [22] at ¶ 27. Spector alleges that Galasso failed to respond to Spector's notices of claim. *Id.* at ¶ 28. Spector alleges that it made numerous requests that TIC and CCC respond to Spector's notices. *Id.* at ¶ 29. And, as a result of this alleged delay in responding, Spector argues that TIC and CCC have waived all coverage defenses in this matter.

Spector asserts in its letter to the Court that any testimony Mr. McCabe might offer concerning these conversations with Mr. Galasso is duplicated by his November 11, 2011 letter to Mr. Galasso (the "Letter"). Yet, the Letter does not reference *any* of these telephone conversations. *See* Doc. 46; Ex. A. The Letter does not demonstrate: 1.) when Mr. McCabe talked to Mr. Galasso; 2.) when Mr. McCabe unsuccessfully attempted to reach Mr. Galasso; 3.) how may times Mr. McCabe talked to Mr. Galasso; 4.) how many times Mr. Galasso attempted to call Mr. McCabe; 5.) how many times Mr. Galasso left messages for Mr. McCabe and whether Mr. McCabe received those messages; or 6.) whether Mr. McCabe responded to Mr. Galasso's messages.

The emails to which Spector refers in its Motion also do not tell the story of what may have transpired between these to fact witnesses. *See* Doc. 46; Ex. B. And, indeed, the Amended Complaint is also completely silent as to these critical facts. *See* Doc. [22]. All that it states is that "Spector's counsel repeatedly advised Galasso, orally and in writing," of the claim against Spector and that Mr. Galasso was delayed in responding. That allegation puts those oral *and* written communications at issue but is entirely devoid of specific *facts*.

TIC and CCC are entitled to discover the facts surrounding these communications, particularly because Spector has made these communications central to its case. The entire coverage case, according to Spector, turns on the facts surrounding these communications, because Spector alleges that these attempts to advise Mr. Galasso and his alleged lack of response, result in waiver of all of the terms, conditions, definitions, and exclusions of the TIC and CCC policies.

As Spector acknowledges in its letter to the Court, there are several factors that the Court should consider in assessing the need to depose a party's lawyer: 1.) the lawyer's role in connection with the matter on which discover is sought and in relation to the pending litigation; 2.) the risk of encountering privilege and work-product issues; and 3.) the extent of discovery already conducted. *See* Doc [42] at 2 citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003); *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424-25 (E.D.N.Y. 2007). However, Spector does not analyze these factors, and the cases cited by Spector clearly state that just because the proposed

---

depositions have been postponed and deadlines held in abeyance until the conference. Thus, Spector's Motion to Quash is presently moot.

deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices. *Id.*

The need to depose Mr. McCabe is critical due to the central issue of Mr. McCabe's oral and written communications to Mr. Galasso, regarding the circumstances of the loss. Where counsel's role is central to the matter about which discovery is sought, a limited deposition of counsel is permissible. *Tailored Lighting, Inc. v. Osram Sylvania Products, Inc.*, 255 F.R.D. 340, 345 (W.D.N.Y. 2009) (concerning attorney's verification of interrogatory answers). Spector made Mr. McCabe's communications with TIC and CCC central to its case. Its arguments of TIC and CCC's waiver are entirely based on the alleged failure to respond *to Mr. McCabe.* This is "an invitation to be deposed." *See Id.* citing *Thomas & Betts Corp. v. Pandutt Corp.*, 1999 WL 1129607, *1 (N.D.Ill.1999). Spector's claim in its letter to the Court that "Mr. McCabe has no personal knowledge of this matter that would necessitate his deposition" is disingenuous, considering Spector's waiver argument. Moreover, an attorney cannot avoid a deposition by asserting that he or she has no relevant, non-privileged information. At a minimum, the attorney must submit to a deposition so that his lack of knowledge may be tested and any privilege asserted placed on the record. *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002) *citing Niagara Mohawk Power Corp.*, 125 F.R.D. 578, 594 (N.D.N.Y.1989). However, Spector made the communications between Mr. McCabe and Mr. Galasso central to the case.

The deposition will concern TIC and CCC's attempts to reach Mr. McCabe, his attempts to return those calls, and the circumstances that surround the Letter. Although Spector asserts that the Letter is duplicative of the communications at issue, said report never once references any oral communication. The Court should not rule "in a vacuum, prior to the deposition, that every question to be asked will seek to elicit privileged information." *See Alcon Labs.*, supra at 344, citing *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 429, 438 (E.D.Pa.1981); *accord Evans v. Atwood*, No. Civ. 96-2746(RMU), 1999 WL 1032811, at *5 (D.D.C. Sept.29, 1999).

Finally, the extent of discovery in this matter also indicates that this deposition is necessary. As can be readily seen by Spector's response to TIC's and CCC's interrogatories, which is the subject of TIC and CCC's motion to compel filed, December 13, 2013, Spector's answers to interrogatories will not suffice. *See* Doc. [43].

Therefore, TIC and CCC respectfully requests that the Court deny Spector's motion to quash.

                Sincerely,

                COLLIAU CARLUCCIO KEENER MORROW
                 PETERSON & PARSONS

                s/ Greta A Matzen
                Greta A. Matzen