TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

900 THIRD AVENUE

NEW YORK, NEW YORK 10022-4775

(212) 508-6700

FACSIMILE: (212) 371-1084

L. Donald Prutzman
Writer's Direct Dial: (212) 508-6739
E-mail: prutzman@thsh.com

January 16, 2014

**BY ECF AND FEDERAL EXPRESS**

The Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

      Re: *Spector Group II, LLP et al. v. Transportation Insurance Company, et al.*
           Civil Case No.: CV 12-3081 (LDW) (WDW) (the "Action")

Dear Judge Wexler:

      We represent Intervenor Plaintiff SG Design Build LLC ("SGDB") in the above-captioned Action. On January 9, 2014, Plaintiff Spector Group II, LLP ("Spector Group") requested a pre-motion conference (the "January 9th Letter") seeking consent to move for summary judgment declaring that defendant, Transportation Insurance Company ("TIC"), and intervenor defendant, Continental Casualty Company ("CCC") (TIC and CCC collectively referred to as "Defendants") are obligated to defend and indemnify it in connection with the Collapse (as defined in the January 9th Letter). SGDB is entitled to similar relief for substantially the same reasons and, by this letter, also requests consent to move for summary judgment of entitlement to defense and indemnity.

      The undisputed facts demonstrate that Defendants' denial of coverage for SGDB was untimely as a matter of law. As a result, under both New York Insurance Law § 3420(d)(2) and New York common law, Defendants are prohibited as a matter of law from disclaiming coverage based on the policy exclusions upon which they rely. Further, the other grounds on which Defendants deny coverage are invalid as a matter of law. Accordingly, as more fully explained below and in the January 9th Letter, SGDB is entitled to summary judgment declaring that Defendants are obligated to defend and indemnify SGDB in connection with the Collapse.

      As alleged in SGDB's Intervenor Complaint on or about June 1, 2010, Spector Group retained SGDB to provide certain services with respect to the Sports Court pursuant to a contract

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

The Honorable Leonard D. Wexler
January 16, 2014
Page 2

between Spector Group and the Jaffees. On July 27, 2011, the Collapse occurred, allegedly injuring Aranda and Guerrero.

On July 28, 2011, SGDB provided CCC with written notice of the Collapse. Galasso was assigned as claims representative and was repeatedly advised that claims by Aranda and Guerrero were expected. The Aranda and Guerrero Actions were commenced against SGDB on August 17 and September 27, 2011, respectively. Upon receiving the Summons and Complaints in these Actions, SGDB immediately provided copies to CCC.

On August 1, 2011, SGDB was advised of the Jaffees Claim and immediately notified CCC. Galasso was thereafter repeatedly advised of the claims and responded only that the matter was being reviewed by coverage counsel.

On May 6, 2012, counsel for the Jaffees provided SGDB with a courtesy copy of the Jaffees' Action, which SGDB immediately provided to CCC. By letter dated June 14, 2012, CCC denied coverage to SGDB for the Jaffees' Action based upon the assertion that an "occurrence" did not take place. This claim has no merit as a matter of law.

On February 5, 2013, the Jaffees' property insurance carrier commenced the Chartis Action. On March 1, 2013, SGDB's insurance broker notified CCC. On March 7, 2013, CCC acknowledged receipt and stated that they were investigating the matter to determine whether coverage is available. SGDB has not received any further communications from CCC since their March 7, 2013 acknowledgement of the Chartis Action.

CCC issued commercial general liability policy number B 4017607295 (the "CCC Primary Policy") insuring TSG Interior Ltd. ("TSG") and naming SGDB as an additional insured against claims related to its Services for the period from July 16, 2011 through July 16, 2012 (the "CCC Policy Period"). CCC also issued excess policy number B 4017607474 (the "CCC Excess Policy") insuring TSG and naming SGDB as an additional insured against claims related to its Services for the CCC Policy Period. The CCC Primary Policy contains the same policy language quoted in the January 9th Letter.

Plaintiffs in the Aranda Action and the Guerrero Action allegedly suffered bodily injuries as a result of the Collapse while on the Premises, which is a covered territory under the CCC Primary Policy. Plaintiffs in the Jaffees Action allegedly suffered property damage as a result of the Collapse, which is a covered territory under the CCC Primary Policy. The underlying facts in the Chartis Action relate to the property damage resulting from the Collapse, which is a covered territory under the CCC Primary Policy. The Collapse is an occurrence under the CCC Primary Policy. All injuries were suffered during the CCC Policy Period.

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

The Honorable Leonard D. Wexler
January 16, 2014
Page 3

      CCC is providing a defense in the Aranda and Guerrero Actions, but they improperly reserved their rights as to indemnity and have refused to provide a defense or indemnity in the Jaffees Action. CCC has asserted no coverage position with respect to the Chartis Action.

      CCC's issuance of a defense subject to a complete reservation of its rights after a delay of nearly ten months from the date of the Collapse is unreasonable as a matter of law under the statutory and case law cited in the January 9th Letter. Similarly, CCC's denial of coverage for the Jaffees Action based on a supposed lack of an occurrence is also incorrect as a matter of law under the cases cited, and for the reasons explained, in the January 9th Letter.

      Pursuant to the CCC Primary Policy and the CCC Excess Policy, CCC was required to provide indemnity and a defense to SGDB with respect to the Aranda Action, the Guerrero Action, the Jaffees Action and the Chartis Action. Despite repeated requests by SGDB to CCC that CCC provide indemnity and a defense to SGDB in these Actions. CCC has failed and refused to provide such indemnity and a defense. With respect to the Chartis Action, CCC has not even rendered a decision about coverage, even though they received notice of the Chartis Action over ten months ago. Under the circumstances here, CCC is required to defend and indemnify SGDB in the Aranda Action, the Guerrero Action, the Jaffees Action and the Chartis Action under the doctrine of equitable estoppel. As a result of CCC's failure to provide indemnity and a defense, Spector Group commenced the Action in which SGDB later joined as an Intevenor Plaintiff. Like Spector Group, SGDB seeks permission to move for summary judgment with respect to whether CCC is now prohibited from disclaiming coverage pursuant to Insurance Law § 3420(d)(2) and case law which clearly holds that late denial of coverage based on policy exclusions is prohibited. If Plaintiffs are successful on their motion, no further discovery will be necessary on the facts relating to the Collapse. Indeed, Plaintiffs' entire argument is based on documentary discovery and can be decided as a matter of law, without further discovery in this matter.

      As stated above and for the reasons set forth in the January 9th Letter, CCC is required, as a matter of law, to provide indemnity and a defense to SGDB with respect to the Aranda Action, the Guerrero Action, the Jaffees Action and the Chartis Action. Accordingly, SGDB requests a pre-motion conference on its proposed motion for summary judgment. Because the issues are substantially identical to those raised in Spector Group's proposed summary judgment motion, we respectfully request that the pre-motion conferences for both motions be held contemporaneously.

      Respectfully submitted,

L. Donald Prutzman

cc:    All counsel (by ECF)