COLLIAU CARLUCCIO KEENER MORROW PETERSON & PARSONS
ATTORNEYS AT LAW

333 SOUTH WABASH AVE.
25TH FLOOR
CHICAGO, ILLINOIS 60604

EMAIL: GRETA.MATZEN@CNA.COM
(312) 822-6603 ▪ FAX (312) 817-2486

GRETA A. MATZEN                                                                                                                   DIRECT DIAL
ATTORNEY                                                                                                                             (312) 822-4963

January 16, 2014

Via Electronic Filing
Honorable Judge Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

       Re:   *Spector Group II, LLP v. Transportation Insurance Co., et. al*.
              Index No.: CV 12-3081

Dear Judge Wexler:

       I write on behalf of Intervening Defendant Continental Casualty Company ("CCC") and Defendant Transportation Insurance Company ("TIC"), in response to Plaintiff Spector Group II, LLP's ("Spector") request for a pre-motion conference to obtain the Court's permission to file a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(a) (the "Letter").[1] TIC and CCC oppose Spector's request, because Spector's counsel has grossly misrepresented the "undisputed facts" in the matter at hand. Contrary to Spector's contention, the undisputed facts demonstrate that TIC and CCC have not merely denied coverage to Spector in the Guerrero Action and the Aranda Action but, have offered to defend Spector pursuant to a reservation of rights. New York Insurance Law § 3420(d)(2) states as follows:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle

---

[1] Spector filed its first request for a pre-motion conference in order to file a motion for summary judgment, on October 25, 2012. *See* Doc. No. 12. Spector did not include § 3420(d)(2) as an original basis for its summary judgment. *Id.* On November 1, 2012, Spector inexplicably withdrew its first request to file a motion for summary judgment. *See* Doc. No. 13. Additionally, Spector's counsel has failed to comply with the Court's three (3) page letter requirement for pre-motion conference requests. *See* Rule 2(B) of Judge Leonard D. Wexler's AMENDED RULES – EFFECTIVE 8/4/11; see also Doc. No. 48. TIC and CCC respectfully request that the Court not consider more than the first three (3) pages of Spector's letter. *Id.*

> accident or any other type of accident occurring within this state, it shall give notice as soon as is reasonably possible of such **disclaimer of liability or denial of coverage** to the insured and the injured person or any other claimant.

*See* N.Y. McKinney's Insurance Law § 3420(d)(2) (Emphasis added). As opposed to disclaiming coverage, TIC and CCC have agreed to defend Spector under a reservation of their rights pursuant to their respective policies. *See* Doc 50-10. For this reason, New York Insurance Law § 3420(d)(2) is not a basis on which Spector may move for summary judgment, in regard to the Guerrero Action and the Aranda Action.[2] There are undoubtedly issues of material fact in regard to CCC and TIC's coverage position for the Guerrero Action and the Aranda Action, and thus, New York Insurance Law § 3420(d)(2) is not a basis for summary judgment. *See RLI Ins. Co v. Smiedala*, 96 A.D.3d 1409, 947 N.Y.S.2d 850, 583 (2012) (holding that the timeliness of the insurer's **disclaimer under § 3420(d)(2),** is measured from the point in time when the insurer first learns of the ground(s) for disclaimer of liability or denial of coverage) (emphasis added). Once again, TIC and CCC have not disclaimed coverage, and thus, **§ 3420(d)(2)** does not apply.

Moreover, assuming strictly for the sake of argument that TIC and/or CCC disclaimed coverage, which adamantly TIC and CCC contest, there is material fact question regarding whether TIC and CCC unreasonably delayed the issuance of their formal coverage position. *See Continental Cas. Co. v. Stradford*, 11 N.Y.3d 443, 449, 871 N.Y.S.2d 607, 900 N.E.2d 144 (finding a question of fact, regarding the amount of time required for the insurer to complete its evaluation of coverage, precluded summary judgment); *see also First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64 (2003) (investigation into issues affecting an insurer's decision to disclaim coverage obviously may excuse delay in notifying the policyholder of a **disclaimer**) (Emphasis added). Spector's method for calculating the alleged "delay" also raises an issue of material fact, as Spector relies on the date of the Collapse, as opposed to the date on which TIC and/or CCC first learned of ground for a potential disclaimer, as the date from which the response time should be calculated. *See RLI*, *supra*. Thus, summary judgment on this issue is not possible.

Unlike the Guerrero Action and the Aranda Action, which involve claims of bodily injury, the Jaffee Action involves a property damage claim, and thus, § 3420(d)(2) of the Insurance Law does not apply to the Jaffee Claim. *U.S. Underwriters Ins. Co. v. Landau*, 679 F.Supp.2d 330, 342 (E.D.N.Y. 2010) (holding that § 3420(d)(2) does not apply to disclaimers of coverage for property damage); *see also Steadfast Ins. Co. v. Stroock & Stroock & Lavan LLP*, 277 F.Supp.2d 245 (S.D.N.Y. 2003) (holding that where the policy question never provided coverage of that type of claim or of the particular insured, coverage cannot be created through equitable estoppel solely because the insured failed to make a timely disclaimer); *Ingalsbe v. Chicago Ins. Co.*, 270 A.D.2d 684, 685, 704 N.Y.S.2d 697 (3rd Dep't 2000) (in order to prevail on equitable estoppel, plaintiff must establish that the insurer engaged in false representation or concealment of material fact, with the intention or the expectation that such conduct would be acted on by the insured, and that the insured's reliance on the position resulted in the insured's prejudicial change of position). Spector should not be allowed to move for summary judgment as to the Jaffee Action/Jaffee Claim, because Spector has no legal basis for doing so. § 3420(d)(2) of the Insurance Law simply does not apply, and Spector has not asserted nor can it prove the requisite elements of a claim for promissory estoppel. It is an undisputed fact that Spector's professional liability carrier, Iron Shore, has accepted coverage for the Aranda Action,

---

[2] Rule 56 of the Federal Rules of Civil Procedure states in relevant part that, "[T]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

the Jaffee Action and the Guerrero Action. Thus, Spector has not relied to Spector's detriment on any representation or concealment of fact by TIC and/or CCC. Additonally, Spector has not alleged that TIC and/or CCC engaged in false representations or concealment of material fact with the intention to induce Spector's detrimental reliance on the same.

Spector has engaged in dilatory tactics to slow down the discovery process, by among other things: 1.) refusing to produce responsive documents in a timely fashion, 2.) refusing to produce 30(b)(6) witnesses; 3.) producing responsive documents on the day of Marc Spector's deposition 4.) and refusing to produce, Chris McCabe, the witness with the most knowledge of the facts related to Spector's § 3420(d)(2) argument. *See* Doc No. 41; *see also* Doc No. 46 & Doc. No. 49. Spector has also agreed to extend deadlines as long as the Court will adjourn the trial date, and such deadlines should be extended, to allow TIC and CCC to conduct the discovery to which they are entitled under the Federal Rules of Civil Procedure and under the local rules of civil procedure. In the meantime, Spector filed the Letter, knowing that there are outstanding material questions of fact about which TIC and CCC are entitled to conduct discovery. For these reasons, it is TIC and CCC's position that the Court should not allow Spector to move for summary judgment at this time.

Thank you in advance for your consideration.

Sincerely,

COLLIAU CARLUCCIO KEENER MORROW
   PETERSON & PARSONS

s/ Greta A Matzen
Greta A. Matzen