COLLIAU CARLUCCIO KEENER MORROW PETERSON & PARSONS
ATTORNEYS AT LAW
———
333 SOUTH WABASH AVE.
25TH FLOOR
CHICAGO, ILLINOIS 60604

EMAIL: GRETA.MATZEN@CNA.COM
(312) 822-6603 ▪ FAX (312) 817-2486

GRETA A. MATZEN  
ATTORNEY

DIRECT DIAL  
(312) 822-4963

January 27, 2014

<u>Via Electronic Filing</u>  
Honorable Judge Leonard D. Wexler  
United States District Court  
Eastern District of New York  
944 Federal Plaza  
Central Islip, New York 11722

  Re: *Spector Group II, LLP v. Transportation Insurance Co., et. al*.  
    Index No.: CV 12-3081

Dear Judge Wexler:

  I write on behalf of Intervening Defendant Continental Casualty Company ("CCC") in response to Intervenor Plaintiff SG Design Build LLC ("SG Design's") request for a pre-motion conference to obtain the Court's permission to file a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(a) (the "Letter").[1]  CCC opposes SG Design's request, because SG Design's counsel has misrepresented the "undisputed facts" in the matter at hand. Contrary to SG Design's contention, the undisputed facts do not demonstrate that CCC never denied coverage to SG Design, in the Guerrero Action and the Aranda Action but, have offered to defend SG Design pursuant to a reservation of rights.  New York Insurance Law § 3420(d)(2) states as follows:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give notice as soon as is reasonably possible of such **disclaimer of liability or denial of coverage** to the insured and the injured person or any other claimant.

---

[1] *See* Document 53.  CCC objects to SG Design's request for a pre-motion conference regarding SG Design's motion for summary judgment for the same reasons that CCC and TIC object to Spector's request for a pre-motion conference to file a motion for summary judgment. *See* Document 48 and Document 54.

LOS ANGELES ▪ SAN FRANCISCO ▪ NEW JERSEY ▪ DALLAS ▪ TAMPA  
(213) 996-5100   (415) 932-7000   (732) 398-5400   (214) 220-5900   (813) 880-5165

*See* N.Y. McKinney's Insurance Law § 3420(d)(2) (Emphasis added). As opposed to disclaiming coverage, CCC agreed to defend SG Design under a reservation of CCC's rights pursuant to the relevant CCC policy. For this reason, New York Insurance Law § 3420(d)(2) is not a basis on which SG Design may move for summary judgment, in regard to the Guerrero Action and the Aranda Action.[2] There are undoubtedly issues of material fact in regard to CCC's coverage position for the Guerrero Action and the Aranda Action, and thus, New York Insurance Law § 3420(d)(2) is not a basis for summary judgment. *See RLI Ins. Co v. Smiedala*, 96 A.D.3d 1409, 947 N.Y.S.2d 850, 583 (2012) (holding that the timeliness of the insurer's **disclaimer under § 3420(d)(2),** is measured from the point in time when the insurer first learns of the ground(s) for disclaimer of liability or denial of coverage) (emphasis added). Once again, CCC has not disclaimed coverage, and thus, **§ 3420(d)(2)** does not apply.[3]

      Moreover, assuming strictly for the sake of argument that CCC disclaimed coverage, which CCC contests, there is material fact question regarding whether CCC unreasonably delayed the issuance of CCC's formal coverage position. *See Continental Cas. Co. v. Stradford*, 11 N.Y.3d 443, 449, 871 N.Y.S.2d 607, 900 N.E.2d 144 (finding a question of fact, regarding the amount of time required for the insurer to complete its evaluation of coverage, precluded summary judgment); *see also First Fin. Ins. Co. v. Jetco Contracting Corp*., 1 N.Y.3d 64 (2003) (investigation into issues affecting an insurer's decision to disclaim coverage obviously may excuse delay in notifying the policyholder of a **disclaimer**) (Emphasis added). SG Design's method for calculating the alleged "delay" also raises an issue of material fact, as SG Design relies on the date of the Collapse, as opposed to the date on which CCC first learned of ground for a potential disclaimer, as the date from which the response time should be calculated. *See RLI*, *supra*. Thus, summary judgment on this issue is not possible.

      Unlike the Guerrero Action and the Aranda Action, which involve claims of bodily injury, the Jaffee Action involves a property damage claim, and thus, § 3420(d)(2) of the Insurance Law does not apply to the Jaffee Claim. *U.S. Underwriters Ins. Co. v. Landau*, 679 F.Supp.2d 330, 342 (E.D.N.Y. 2010) (holding that § 3420(d)(2) does not apply to disclaimers of coverage for property damage); *see also Steadfast Ins. Co. v. Stroock & Stroock & Lavan LLP*, 277 F.Supp.2d 245 (S.D.N.Y. 2003) (holding that where the policy question never provided coverage of that type of claim or of the particular insured, coverage cannot be created through equitable estoppel solely because the insured failed to make a timely disclaimer); *Ingalsbe v. Chicago Ins. Co.*, 270 A.D.2d 684, 685, 704 N.Y.S.2d 697 (3rd Dep't 2000) (in order to prevail on equitable estoppel, plaintiff must establish that the insurer engaged in false representation or concealment of material fact, with the intention or the expectation that such conduct would be acted on by the insured, and that the insured's reliance on the position resulted in the insured's prejudicial change of position). SG Design should not be allowed to move for summary judgment as to the Jaffee Action/Jaffee Claim, because SG Design has no legal basis for doing so. § 3420(d)(2) of the Insurance Law simply does not apply, and SG Design has not asserted nor can it prove the requisite elements of a claim for promissory estoppel. Additonally, SG

---

[2] Rule 56 of the Federal Rules of Civil Procedure states in relevant part that, "[T]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Additionally, SG Design received correspondence from CCC's counsel of record regarding the denial of the Chartis claim, and SG Design stipulated to including the Chartis claim in the present litigation. *See* Doc. 18. SG Design's statement regarding no receiving any further communication from CCC since the March 7, 2013 acknowledgement is disingenuous at best.

[3] The facts demonstrate that SG Design's claim was handled separately from Spector's claims. Mr. Galasso was never assigned to the SG Design claim, and at all times relevant to this litigation, the SG Design claim was handled by a separate CCC claims representative.

2

Design has not alleged that CCC engaged in false representations or concealment of material fact with the intention to induce SG Design's detrimental reliance on the same.

SG Design has engaged in dilatory tactics to slow down the discovery process, by among other things: 1.) refusing to produce responsive documents in a timely fashion and 2.) delaying the production of 30(b)(6) witnesses. SG Design has also agreed to extend deadlines as long as the Court will adjourn the trial date, and such deadlines should be extended, to allow CCC to conduct the discovery to which they are entitled under the Federal Rules of Civil Procedure and under the local rules of civil procedure.

Thank you in advance for your consideration.

Sincerely,

COLLIAU CARLUCCIO KEENER MORROW
  PETERSON & PARSONS

s/ Greta A Matzen
Greta A. Matzen